IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL NICHOLS, | ) | |
| | ) | No. _____ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | COMPLAINT TO |
| | ) | DECLARE INVALID AND |
| STATE OF NEW JERSEY, MICHELLE | ) | ENJOIN ENFORCEMENT OF |
| M. SMITH (in her official capacity as | ) | COURT "GAG" ORDER |
| Clerk Superior Court of New Jersey) | ) | |
| SALLYANNE FLORIA (in her official | ) | |
| capacity as Presiding Judge Chancery Div., | ) | |
| Family Part, Essex County), | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

<u>Jurisdiction</u>

1.      This Court has jurisdiction over this matter under 28 U.S.C. §1331.  Plaintiffs maintain this action under 42 U.S.C. § 1983.  Defendants deprived Plaintiff of liberty (free speech and freedom of the press) under color of law by issuing a "gag order" prohibiting plaintiff from discussing ongoing litigation of a civil rights lawsuit pending in federal court.

<u>Summary</u>

2.      This is an action pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, to enjoin enforcement of a "gag order" imposed by the Courts of the State of New Jersey, that, if allowed to continue in effect, would impose an intolerable burden on speech and on the press, in violation of the First and Fourteenth Amendments and of the United States Constitution.

3.      Plaintiff seeks declaratory and injunctive relief that a gag order issued by the State of New Jersey, a defendant in a civil rights lawsuit pending in federal court, restrains one of the plaintiffs in that federal case from discussing the suit with any employee of any media.

<u>Parties</u>

4.      Paul Nichols is an adult residing in Bergen County.  He is a credentialed reporter with the Bergen Dispatch.

5.      Individual Defendants sued in their official capacity are officials tasked with administration and enforcing New Jersey law, and are sued in their capacity as administrators

tasked with enforcing policies which deny plaintiffs constitutional rights under color of law; they are persons within the meaning of 42 U.S.C. §1983 with respect to declarative and injunctive relief sought in this case.

6. New Jersey Counties participate fully in enforcing superior court orders through a variety of county agencies including law enforcement agencies, county prosecutors, county jail, child welfare agencies and social services offices.

## Statement of Facts

7. On February 24, 2011, Alina Myronova filed an Order to Show Cause in Hudson County Family Court asking that full physical and legal custody of the children be given to her and all custody striped from her husband Surender Malhan. Myronova claimed that Malhan was an unfit parent who could not take care of children. Myronova made these allegations in an affidavit.

8. Malhan had less than two hours' notice of a legal proceeding and had no time to seek legal advice or obtain counsel.

9. Malhan, appearing before the family part judge, contested all of Myronova's allegations about his alleged unfitness as a parent. Malhan stated that Myronova was lying. Malhan was not permitted to cross examine Myronova.

10. Malhan told the court that he wished to present evidence to refute the allegations made by Myronova, specifically he stated that he had audio recordings, photographs and videos which could document his ability to parent and would show that Myronova was lying. The court did not permit Malhan to present any evidence at this proceeding.

11. Malhan told the Court that Myronova had in her possession documents, including bank records, which would prove that she was lying about some of her allegations and asked the Court to require Myronova to produce these records; the court refused to order the production of said documents.

12. On February 24, 2011, the Court stripped Malhan of physical and legal custody ordering Myronova to assume full legal and physical custody of the two children.

13. Malhan was permitted only one hour a week of supervised visitation at Hudson County Courthouse.

14. Myronova kept sole legal and physical custody of the two children for sixteen months, until June 2012 when she agreed to permit joint custody. During this sixteen month period Malhan was never granted a plenary hearing.

15. In February 2014 Malhan and five other named plaintiffs filed a class action law suit against the State of New Jersey alleging widespread violation of the due process rights of New

Jersey Parents, in particular that the State deprives parents of custody of their children without a plenary hearing when the state gives custody to another parent. Edelglass, et al, v. New Jersey, et al, No. 3:14-cv-00760-FLW-DEA.

16. On or about February 18, 2014, a television news reporter for channel nine (WWOR), the local NBC affiliate in New Jersey, interviewed Malhan and two other plaintiffs in the instant suit about their experience in family court and their complaints about constitutional deprivations.

17. On April 4, 2014, the Essex County Superior Court, Family Part issued a "gag order" retraining Malhan from discussing any issues surrounding the divorce or custody proceedings with any employee of any media anywhere in the universe and further restrained Malhan for posting anything on the internet discussing these issues.

18. The Court did not hold a plenary hearing and made no findings whatsoever specific to Malhan or his children. The Court "found" that publicity about divorce proceedings was not in the best interests of the children.

19. On May 1, 2014 the Superior Court issued an Amended Order, slightly modifying the April 4 Gag Order. A Copy of this Order is attached as <u>Exhibit A</u> to this Complaint.

20. On or about May 6, 2014, Malhan filed an application for a TRO to enjoin enforcement of the gag order. In a written Order per Judge Wolfson, issued May 8, 2014, the Court ruled that "the state court judge did not conduct any meaningful weighing of Plaintiff's First Amendment freedom of speech rights . . . important First Amendment issues are implicated by the broad sweeping language of the Gag Order . . . nevertheless, Plaintiffs instant motion falls squarely with the Rooker-Feldman doctrine . . . ."

COUNT ONE

DECLARATORY AND INJUNCTIVE RELIEF

21. Upon information and belief, imposition of gag orders in family matters based on alleged "best interest" is common in New Jersey. Borra v. Borra, 333 N.J. Super. 607, 614, 756 A.2d 647, 651 (Ch. Div. 2000) (ruling that "when presented with a choice between parent's rights and children's rights, children's welfare and best interests will always be paramount"); Kelly Kanavy, <u>The State and the "psycho Ex-Wife": Parents' Rights, Children's Interests, and the First Amendment</u>, 161 U. Pa. L. Rev. 1081, 1083-84 (2013) ("These types of [gag] orders, however, are actually quite common in family court proceedings.")

22. New Jersey family courts regularly deny parents fundamental rights by reference to nothing more than an ambiguous "best interests" standard without a plenary hearing and presumably using a "preponderance of the evidence standard" when any standard is used at all.

23. This denial of fundamental rights based on mere "best interest" is contrary to well established constitutional law. *Troxell v. Granville*, 120 S. Ct. 2054 (2002) (holding that "best interest of the children" could not trump fundamental constitutional rights); *Palmore v. Sidoti*, 466 U.S. 429, 433 (1984) (same).

24. Courts of appeal to address this issue have routinely held such gag orders in family court to be unconstitutional.

25. State appellate courts have repeatedly invalidated similar gag orders in family court. *In re T.T.,* 779 N.W.2d 602, 612 (Ne. App. 2009); State Ex Rel. LM, 37 P.3d 1188 (Utah App. 2001); *In re K.D.,* 929 N.E.2d 863 (Ind. App. 2010); *In Re Marriage of Newell*, 192 P.3d 529, 538 (Colo. App. 2008).

26. Plaintiff wishes to interview Mr. Malhan about his suit but is prohibited from doing so by the Gag Order issued by the Court.

27. The Gag Order prohibits Plaintiff from interviewing Malhan about a story of public interest.

28. Third Parties subject to the effects of a gag order have standing to challenge such orders. *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 836 (3d Cir. 1996).

29. Malhan is forbidden from even discussing the very Gag Order at issue here with members of the press.

30. Plaintiff and other members of the press are substantially impaired in their ability to cover a story of public interest involving a class action law suit that could affect tens of thousands of parents and their children.

Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

    a. Declare that the gag order is unconstitutional under the First and Fourteenth Amendments and the Commerce Clause of the United States Constitution, and are therefore invalid and unenforceable;

    b. Preliminarily and permanently enjoin Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in concert or participation with them from taking any actions to enforce the gag order.

  c. Award Plaintiff reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

  d. Award Plaintiff other and further relief as the Court deems just and proper.

        Respectfully Submitted,

        */s/ Paul A. Clark*

        Paul A. Clark, Esquire (PC4900)
        10 Huron Ave, #1M
        Jersey City, NJ 07306
        (202) 368 5435

|  |  |
|---|---|
| **Alina Myronova** | SUPERIOR COURT OF NEW JERSEY |
|  | CHANCERY DIVISION |
| Plaintiff, | FAMILY PART |
|  | COUNTY OF ESSEX |
| v. |  |
|  | Docket No. FM-07-1952-14 |
|  | Civil Action |
| **Surrender Malhan** |  |
|  | **AMENDED ORDER** |
| Defendant/Third Party Plaintiff, |  |
| v. |  |
| **Viktoriya Myronova** |  |
| Third Party Defendant. |  |



FILED MAY — Nancy Sivilli, J.S.C.

**THIS MATTER** having been opened by the Court *sua sponte* based upon its review of its April 4, 2014 Order in conjunction with the April 7 Notice of Emergency Motion for Stay filed by Thomas C. Cifelli, Esq., attorneys for defendant and third party plaintiff Surrender Malhan, and the Court having reviewed the April 4, 2014 Order, and for good cause having been shown:

It is on this 1st day of May, 2014 that the following Paragraphs of the April 4, 2014 Order are hereby amended *nunc pro tunc* to April 4, 2014:

6. All parties are hereby enjoined and restrained without prejudice from speaking with, appearing for an interview, or otherwise discussing, the parties' marriage, their pending divorce, the within litigation, or the parties' children or making any derogatory or negative statements about the other parties to any reporters, journalists, newscasters, or other agents/employees of newspapers or other media outlets on the grounds that it is not

Exhibit A

in the best interest of the children to have the parties' divorce litigation discussed in a public forum or to have public disparaging statements made about one party by the other party.

7. Any portions of Defendant's blog that addresses issues pertaining to this divorce litigation, Plaintiff, or Third Party Defendant shall be removed immediately. Defendant is prohibited without prejudice from publishing in the future anything to the blog pertaining to this divorce litigation or any negative or disparaging statements about plaintiff or third party defendant.

8. Both parties are hereby prohibited without prejudice from discussing or commenting about the within litigation or making any negative or disparaging statements about the plaintiff or third party defendant on any form of social media including without limitation, Facebook, Twitter, blogs, Instagram, and Pinterest on the grounds that it is not in the best interest of the children to have the parties' divorce litigation discussed in a public forum or to have negative or disparaging statements made about by one party about the other party publicized or disseminated.

**ORAL DECISION PLACED ON THE RECORD ON MAY 1, 2014.**

**AND IT IS HEREBY ORDERED** that a copy of this Order shall be served upon all interested parties within seven (7) days from the date herein.

_____
HON. NANCY SIVILLI, J.S.C.