UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL NICHOLS,<br><br>      Plaintiff,<br><br>    v.<br><br>THE STATE OF NEW JERSEY, MICHELLE M. SMITH (in her official capacity as Clerk Superior Court of New Jersey), SALLYANNE FLORIA (in her official capacity as Presiding Judge Chancery Div., Family Part, Essex County),<br><br>      Defendants. | Civ. No. 2:14-03821 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Paul Nichols, a reporter for the Bergen Dispatch, seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 enjoining and declaring unconstitutional a gag order issued by the Honorable Nancy Sivilli, J.S.C., of the Essex County Superior Court, Chancery Division, Family Part. Defendants the State of New Jersey, Michelle M. Smith (in her official capacity as Clerk of the Superior Court of New Jersey), and Sallyanne Floria (in her official capacity as Presiding Judge of the Chancery Division, Family Part, Essex County) move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Nichols's motion is **DENIED**, and Defendants' motion is **GRANTED**.

      This case arises out of a custody dispute heard by Judge Nancy Sivilli in the Essex County Superior Court, Chancery Division, Family Part on February 24, 2011. The Plaintiff in that custody dispute, Alina Myronova, alleged that her husband, Surrender Malhan, was an unfit parent who could not take care of his children. Compl. ¶ 7, ECF No. 1. Judge Sivilli ultimately sided with Myronova and awarded her full custody. *Id.* ¶ 12.

      Some three years later, on February 5, 2014, Malhan and five other plaintiffs filed a putative federal class action, *Edeglass v. New Jersey*, No. 3:14-cv-00760, challenging the way in which New Jersey family courts award custody. *Id.* ¶ 15. Not long after *Edeglass* was filed, Malhan spoke with a reporter about his experience in family court. *Id.* ¶ 16.

1

Less than two months after Malhan spoke with the reporter, Judge Sivilli issued an order dated April 4, 2014, as well as Amended Order dated May 1, 2014, "enjoin[ing] and restrain[ing]" Malhan and Myronova from "speaking with, appearing for an interview, or otherwise discussing the within litigation with any reporters . . . on the grounds that it is not in the best interest of the children to have the parties' divorce litigation discussed in a public forum." ECF No. 3-2. The Court refers to Judge Sivilli's order as the "Gag Order."

On May 6, 2014, Malhan filed an application in *Edeglass* seeking to enjoin enforcement of the Gag Order. The Honorable Freda Wolfson denied Malhan's application pursuant to the *Rooker-Feldman* doctrine. Order, *Edeglass*, No. 14-760 (D.N.J. May 8, 2014), ECF No. 11.

Hoping to succeed where Malhan failed, journalist Paul Nichols filed the instant case on June 13, 2014. In his one-count Complaint, brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), Nichols alleges that the Gag Order violates his rights under the First and Fourteenth Amendments, as well as the Commerce Clause, to speak with Malhan about Malhan's case. Compl. ¶ 26. Nichols seeks an injunction prohibiting enforcement of the Gag Order, as well as a declaration that the Gag Order is unconstitutional. Nichols is not looking for money damages. *Id.*; *see also* Reply Br. at 7, ECF No. 7 ("Nichols seeks only declaratory and injunctive relief."). Notably, Nichols's Complaint names as Defendants the State of New Jersey, Smith, and Judge Floria, but not the person who actually issued the Gag Order, Judge Sivilli.

On June 18, 2014, Nichols filed a "motion for temporary restraining order and preliminary injunction." ECF No. 3. As Nichols's papers were filed on the docket as a motion, the Clerk of the Court treated the filing as a motion for a preliminary injunction, and neither party objected. On July 7, 2014, Defendants filed an opposition brief arguing (a) that the Court lacked subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and (b) that Nichols failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). ECF No. 6. On July 11, 2014, Nichols filed a reply brief. ECF No. 7.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).[1]

Nichols's Complaint contains a single count brought pursuant to Section 1983. Section 1983 provides:

---

[1] Because the Court resolves the motion under Rule 12(b)(6), the Court does not address the standard for Rule 12(b)(1).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Defendants persuasively argue that Nichols has failed to state a claim under Section 1983. To begin, Defendants argue that Nichols has failed to state a Section 1983 claim against the State of New Jersey because the State of New Jersey is not a "person" for purposes of Section 1983. Defendants are correct. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Next, the Court turns to the Section 1983 claim against Smith and Judge Floria. Since Nichols is seeking injunctive and declaratory relief against both Defendants in their official capacity, the Defendants are considered "persons" for purposes of Section 1983. *Will*, 491 U.S. at 71 n.10; *Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994). Defendants argue that Nichols has failed to state a Section 1983 claim against Smith and Judge Floria in their official capacities because neither Defendant had anything to do with the Gag Order. In support of this argument, Defendants appeal to *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988), a case that does not address official capacity liability. *Rode* held that individual liability attaches under Section 1983 based on "personal involvement in the alleged wrongs." *Id.* at 1207. Under *Rode*, "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* Nichols argues that *Rode* does not apply because Nichols's claims against Smith and Judge Floria are based on New Jersey's "official policy." However, Nichols fails to explain how such an official policy gives rise to liability on the part of either Defendant.

If *Rode* applies here, Nichols has failed to state a claim against Smith and Judge Floria because Nichols has failed to allege that either Defendant directed the Gag Order or even knew about it. But *Rode* likely does not apply since this is an official capacity suit. In official capacity suits brought under Section 1983, "[c]laims for prospective injunctive relief are permissible provided the official against whom the relief is sought has 'a direct connection to, or responsibility for, the alleged illegal action.'" *Hussmann v. Knauer*, No. 4-2776, 2005 WL 435231, at *6 (E.D. Pa. Feb. 23, 2005) (quoting *Davidson v. Scully*, 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001)); *see also Davidson*, 148 F. Supp. 2d. at 254 (applying same rule where plaintiff seeks declaratory relief). There is no suggestion in the Complaint that either Smith or Judge Floria had a direct connection to or responsibility for the Gag Order issued by Judge Sivilli. Accordingly, the Court will **DISMISS** the Complaint against Smith and Judge Floria **WITH PREJUDICE**. Since the Court is

dismissing the Complaint against all Defendants, it will **DENY** as moot Nichols's motion for a preliminary injunction.

  Finally, Nichols argues that if he fails to state a claim against Defendants, he should be allowed to file an Amended Complaint naming a "proper party" as a Defendant. While Nichols is perhaps referring to Judge Sivilli, he does not explicitly address who this "proper party" would be. Without deciding whether a suit against Judge Sivilli or any other potential defendant would be successful, the Court recognizes that it is at least conceivable that Nichols could prevail on his Section 1983 claim against a proper defendant. *See FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834 (3d Cir. 1996) (holding that neither the *Rooker-Feldman* doctrine nor the *Younger* doctrine barred citizen's advocacy group from seeking to challenge a family court gag order). Accordingly, the Court will grant Nichols leave to file an Amended Complaint within 30 days. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). An appropriate order follows.

              /s/ William J. Martini
              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 23, 2014**