FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL NICHOLS,<br><br>      Plaintiff,<br><br>    v.<br><br>NANCY SIVILLI (in her official capacity),<br>and ESSEX COUNTY SUPERIOR COURT,<br><br>      Defendants. | Civ.No. 2:14-3821 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Paul Nichols has filed a First Amendment challenge to a gag order issued by Essex County Superior Court Judge Nancy Sivilli. Nichols has moved for default judgment and Judge Sivilli has filed a cross-motion to dismiss. Nichols has also moved for leave to amend his complaint. For the reasons stated below, Nichols' motion for default judgment will be **DENIED**, Judge Sivilli's cross-motion to dismiss will be **GRANTED**, and Nichols' motion to amend will be **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

      The Court writes primarily for the benefit of the parties and assumes familiarity with the facts. The Honorable Nancy Sivilli is a judicial officer of the State of New Jersey, Essex County Superior Court, Family Division. Judge Sivilli was previously the presiding judge in *Myronova v. Malhan*,[1] a divorce and custody suit pending in the family division of the Essex County Superior Court. On April 4, 2015 Judge Sivilli issued a gag order in that case (hereinafter, "the Gag Order") prohibiting the litigants from, *inter alia*, discussing any and all aspects of the case with members of the press.

      Paul Nichols is a news reporter for the Bergen Dispatch. On June 13, 2014, he filed a complaint against the State of New Jersey, Judge Cynthia Floria, and Michelle M. S.

---

[1] Docket No. FM-07-1952-14.

Smith, Clerk of the Superior Court of New Jersey. In his complaint, he alleged that he wished to interview Surrender Malhan, who is the defendant in *Myronova*, but could not do so because of the Gag Order's restrictions. After this Court dismissed Nichols' complaint without prejudice, he filed the amended complaint against Judge Sivilli and the Essex County Superior Court seeking relief under 42 U.S.C. § 1983 and the Declaratory Judgment Act. Those Defendants then filed a motion to dismiss, which this Court granted in part and denied in part. Specifically, the Court dismissed with prejudice the complaint against the Essex County Superior Court. It also dismissed without prejudice the § 1983 claim against Judge Sivilli insofar as that claim sought injunctive relief. The Court did find, however, that the amended complaint stated a § 1983 claim for declaratory relief against Judge Sivilli.

Following the Court's decision, Judge Sivilli scheduled an evidentiary hearing regarding the gag order so that she could weigh the best interests of the parties' children against Malhan's First Amendment rights. Prior to the hearing, however, Malhan filed a motion for Judge Sivilli to recuse herself from the case, which Judge Sivilli granted. Consequently, the hearing was adjourned so that a new judge could be assigned to the case. Judge Sivilli's attorney has represented to the Court that "it is also [his] understanding that Judge Sivilli vacated the order…." In contrast, Nichols claims that the gag order still stands.

Judge Sivilli never filed an answer to the amended complaint after the Court handed down its decision on her first motion to dismiss. However, Nichols also failed to take any action. After nearly three months passed with no activity from either party, the Court posted a notice of call for dismissal. In response, Nichols moved for default judgment against Judge Sivilli. In the alternative, Nichols moved for this Court to grant him leave to amend his complaint so that he could add allegations supporting a § 1983 claim for injunctive relief against Judge Sivilli. Judge Sivilli then filed an opposition to the motion for default judgment as well as a cross-motion to dismiss the amended complaint. Nichols opposed the cross-motion to dismiss, and more recently, filed a second motion for leave to amend. Through that motion, Nichols seeks to add as a defendant a different New Jersey judge who allegedly entered a similar unconstitutional order (hereinafter, "the Second Gag Order") in a different family court proceeding. Specifically, Nichols claims that he wrote an article criticizing the New Jersey family court system for depriving a father of his due process rights in the case captioned, *Division of Child Protection and Permanency vs. S.G., D.K., In the matter of: G.K.*[2] Nichols claims that after the article was published, presiding Judge Jane Gallina-Mecca issued the Second Gag Order, which required that the article be taken down. However, one day after Nichols filed his second motion for leave to amend, Judge Gallina-Mecca vacated the Second Gag Order. Now before the Court is a motion for default judgment, a cross-motion to dismiss, and two motions to amend.

---

[2] Docket No.: FN 02-158-15.

## II.    MOTION FOR DEFAULT JUDGMENT

Nichols argues that default judgment should be entered in his favor.  The Court disagrees.  "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."  *Husain v. Casino Control Com'n*, 265 Fed.Appx. 130, 133 (3d Cir. 2008) (quoting 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2682 (2007)).  Here, there is no indication that default was ever entered against Judge Sivilli before Nichols filed his motion.  Consequently, Nichols' motion for default judgment is **DENIED**.

## III.   CROSS-MOTION TO DISMISS

Judge Sivilli argues that the complaint against her is moot because she vacated the gag order, or at the very least, can no longer enforce the order because she recused herself from the family court proceeding.  The mootness doctrine is grounded in the principle that "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them."  *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  Relatedly, this Court's authority is limited to hearing actual cases or controversies.  U.S. CONST. art. III, § 2; *Raines v. Byrd*, 521 U.S. 811, 818 (1997).  The existence of a case or controversy requires "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution."  *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007) (citations and quotations omitted).  The question surrounding mootness problems "is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief."  *Id*. (quoting *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003)).

When a judicial order that is the subject of a claim is vacated, the general rule is that the claim becomes moot.  *See, e.g., Unabom Trial Media Coalition v. U.S. Dist. Court for Eastern Dist. of California (Sacramento)*, 183 F.3d 949, 953 (9th Cir. 1999).  One exception to the mootness doctrine occurs where the claim involves an issue "capable of repetition, yet evading review."  *See, e.g., U.S. v. Scarfo*, 263 F.3d 80, 90 (3d Cir. 2001).  Therefore, a claim is not mooted where "a challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again."  *Sutton*, 323 F.3d at 248 (citations and quotations omitted).

Nichols argues that the capable of repetition, yet evading review exception applies to his claim against Judge Sivilli.  However, because the Gag Order's lifespan was not too short in duration to be fully litigated, the Court rejects Nichols' position.  "A litigant cannot credibly claim his case 'evades review' when he himself has delayed its disposition."  *See, e.g., Armstrong v. F.A.A.*, 515 F.3d 1294, 1296 (D.C.Cir. 2008) (citing *City of Houston v.*

*Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1427 (D.C.Cir. 1994)).  Here, Nichols has delayed the disposition of this matter on multiple fronts.  First, he did not file his initial complaint until two months after Judge Sivilli issued the Gag Order.  *See Unabom Trial Media Coalition*, 183 F.3d at 953 (exception to mootness doctrine not applicable where media did not challenge order until weeks after it was issued).  When Nichols filed his amended complaint naming Judge Sivilli as a defendant, he did not concomitantly move for a temporary restraining order, nor did he signal to the Court that the matter should be set for expedited review.  *See id.*  Similarly, nothing from the record indicates that Nichols sought to obtain any type of emergency relief at the state court level, such as filing an emergency motion to intervene in *Myronova v. Malhan*.  *See Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1257 (11th Cir. 2001) (exception to mootness doctrine did not apply where media company challenging state court gag order took no action to challenge the order at the state level).  Most damningly, Nichols failed to take any action to move this case long after this Court rejected portions of Judge Sivilli's motion to dismiss.  Rather, he seemed content to sit on his hands and let the matter lie dormant for over three months.  Only after the Court issued a notice of call for dismissal did Nichols file his motion for default judgment; by then of course, the Gag Order was already unenforceable.  In sum, it is the failure of Nichols to promptly prosecute his action against Judge Sivilli that has caused the Article III predicament he finds himself in now.  Had he prosecuted his case with any sense of urgency, his challenge to the Gag Order likely could have been litigated in full.  Because Nichols' claim against Judge Sivilli no longer presents a live case or controversy, Judge Sivilli's cross-motion to dismiss is **GRANTED** and Nichols' complaint against her is **DISMISSED WITH PREJUDICE**.

### IV.    MOTIONS TO AMEND

Nichols has filed two separate motions to amend, which in combination seek to (1) add allegations supporting his § 1983 claim for injunctive relief against Judge Sivilli, and (2) add Judge Gallina-Mecca as a defendant as part of a challenge to the Second Gag Order.  Once a party is no longer permitted to amend its complaint as a matter of course, as is the case here, a party "may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2).  "In the absence of substantial or undue prejudice to the nonmoving party…denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993)).  As explained in the foregoing section, Nichols' claims against Judge Sivilli that arise out of the Gag Order are now moot.  Therefore, his request for leave to amend his § 1983 claim against Judge Sivilli is denied for futility reasons.  However, for the reasons explained below, the Court will grant Nichols leave to add his claims against Judge Gallina-Mecca.

Because Judge Galinna-Mecca has vacated the Second Gag Order, it appears at first glance that Nichols' claim against her is futile for mootness reasons. However, the Court concludes that the issues presented in Nichols' challenge to the Second Gag Order are capable of repetition, yet evading review. Therefore, the mootness doctrine does not preclude Nichols from amending his complaint to add a claim against Judge Galinna-Mecca. First, the challenged gag order is too short in duration to be litigated in this action. Unlike his delayed response to the Gag Order issued by Judge Sivilli, Nichols challenged the Second Gag Order almost immediately after Judge-Galinna-Mecca issued it. Moreover, Nichols requested "expedited consideration" from the Court regarding his motion to amend and expressly indicated his intention of filing a temporary restraining order. In what appears to be a response to Nichols' motion to amend, Judge Galinna-Mecca then immediately vacated the Second Gag Order before Nichols' challenge could move forward.[3] Nichols has therefore met the first prong of the capable of repetition, yet evading review exception.

Nichols' proposed claim against Judge Galinna-Mecca also meets the second prong of the exception. Nichols alleges that the type of gag order issued by Judge Galinna-Mecca is quite common in New Jersey family court. Moreover, the current record shows that Nichols possesses a continued interest in reporting on family court proceedings taking place in New Jersey. Thus, there is a reasonable likelihood that Nichols will be subject to the same kind of action in the future. *See U.S. v. Antar,* 38 F.3d 1348, 1356 (3d Cir. 1994). Additionally, the capable of repetition, yet evading review exception applies even though judges other than Judge Galinna-Mecca may be the ones issuing similar orders in the future. *See Lorillard Tobacco Co. v. Bisan Food Corp.*, 377 F.3d 313, 319 (3d Cir. 2004) (capable of repetition, yet evading review exception applicable where plaintiff can show that he or she is likely to seek a similar form of relief in the future against some defendant, not necessarily the same defendant). And it is of no consequence that Nichols may be subjected to future orders that are similar to the one issued by Judge Galinna Mecca, but not identical in all respects. *See Northeastern Florida*, 508 U.S. at 662 (for the exception to apply, plaintiff need not show that the selfsame action may occur in the future; instead, plaintiff must show there is a reasonable likelihood that he may be disadvantaged in the same fundamental way). The gravamen of the proposed complaint is that Judge Galinna-Mecca failed to weigh competing First Amendment considerations before issuing a gag order that prevents Nichols from reporting on a matter of public interest. In light of these circumstances, the Court concludes that Nichols' challenge is capable of repetition, yet evading review. *See, e.g., Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546—47; *Scarfo*,

---

[3] The fact that Judge Galinna-Mecca voluntarily vacated the Second Gag Order does not prevent this result, as "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Florida*, 508 U.S. 656, 662 (1993) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)).

263 F.3d at 90; *U.S. v. Antar*, 38 F.3d at 1356.  Therefore, Nichols will have fourteen days to file an amended complaint challenging the Second Gag Order.

## V.     CONCLUSION

For the foregoing reasons, Nichols' motion for default judgment is **DENIED**, Judge Sivilli's cross-motion to dismiss is **GRANTED**, and Nichols' motion for leave to amend is **GRANTED in part and DENIED in part**.

      /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 18, 2015**