UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL NICHOLS,<br><br>   Plaintiff,<br><br> v.<br><br>NANCY SIVILLI (in her official capacity),<br>and ESSEX COUNTY SUPERIOR COURT,<br><br>   Defendants. | Civ.No. 2:14-3821 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

  Reporter Paul Nichols has accused various New Jersey judges of issuing gag orders that violate the First Amendment. Currently before the Court is a motion to dismiss filed by the Honorable Jane Gallina-Mecca, J.S.C. In addition to opposing Judge Gallina-Mecca's motion, Nichols requests that this Court reinstate certain claims against another judge – the Honorable Nancy Sivilli, J.S.C. – that were previously dismissed in a prior order. Additionally, Nichols seeks leave to amend his complaint in order to add claims against the Honorable Donald A. Kessler, J.S.C. For the reasons that follow, Judge Gallina-Mecca's motion to dismiss will be **DENIED**; Nichols' request for this Court to reinstate claims against Judge Sivilli will be **DENIED**; and Nichols' request for leave to amend his complaint will be **GRANTED**.

### I. BACKGROUND

  Paul Nichols is a reporter for the Bergen Dispatch. According to various pleadings that he has filed with this Court, Nichols is particularly interested in writing articles that concern New Jersey's family court system. *See* Second Amended Complaint ("SAC") at ¶ 4. As part of his journalistic efforts, Nichols has sought to interview individuals who have been litigants in front of family court judges. One of those individuals is Surender Malhan, who is a party to the divorce and custody proceeding, *Myronova v. Malhan*.[1] On April 4, 2014, Judge Sivilli, who at the time was presiding over *Myronova v. Malhan*, issued a gag order that prohibited Malhan from discussing his children or divorce with any members of the news media. *See* Amended Complaint at ¶¶ 17-23. In response Nichols

---

[1] Docket No. FM-07-1952-14.

filed the instant action, which alleged that Judge Sivilli's gag order infringed on his First Amendment rights. *See* ECF No. 1. Specifically, Nichols alleged that Judge Sivilli's gag order prevented him from interviewing Malhan in connection with an article on New Jersey family courts. *See* Amended Complaint at ¶¶ 32-24. Judge Sivilli filed a motion to dismiss, which this Court granted in part and denied in part. While the Court found that Nichols failed to adequately state a claim for injunctive relief, it nonetheless concluded that he could move forward with his claim for declaratory relief. *See* ECF No. 17.

After the Court issued its order that allowed part of Nichols' case to move forward, the action remained dormant for several months. It was not until nearly three months after the Court's decision did Nichols file a "Motion for Default Judgment." *See* ECF No. 21. In response, Judge Sivilli filed a cross-motion to dismiss the complaint. In support of her motion to dismiss, Judge Sivilli noted that she had recused herself from *Myronova v. Malhan*, which in her view rendered Nichols' action moot. *See* ECF No. 22.

The Court denied the motion for default judgment on the grounds that Nichols failed to seek a clerk's entry of default prior to filing his motion. Moreover, the Court granted Judge Sivilli's motion to dismiss. *See* ECF No. 27. In doing so, the Court held that the "capable of repetition yet evading review" exception to mootness did not apply because the case became mooted only after Nichols failed to prosecute his claim in a timely fashion. *See* ECF No. 26.

Additionally, the Court granted Nichols' motion for leave to amend his complaint so that he could add Judge Gallina-Mecca as a defendant. *See* ECF No. 27. According to Nichols, Judge Gallina-Mecca is presiding over a separate family court proceeding in New Jersey. TAC at ¶ 7. Nichols had published an article related to that proceeding titled, "Bergen Father Fights to Get Daughter Back After Wrongful Prosecution." *Id*. at ¶ 4. In response to that article, Judge Gallina-Mecca entered an order that reads in pertinent part:

> The May 16, 2015 article, "Bergen Father Fights to Get Daughter Back After Wrongful Prosecution" that is posted in the "Bergen Dispatch", involving this litigation shall be taken down, on an immediate basis, in accordance with N.J.S.A. 9:8-1 et seq. A copy of this order shall be provided to the "Bergen Dispatch" by the law guardian.

*Id*. at ¶ 7. Nichols alleges that Judge Gallina-Mecca entered her order without making reference "to any findings of fact, conclusions of law, or any oral statement of reasons." Nichols further alleges that the statute referenced in the order – N.J.S.A. 9:8-1 – was repealed over thirty-five years ago. *See id*. at ¶¶ 8-10.

Judge Gallina-Mecca now moves to dismiss on the grounds that the case is moot. Specifically, Judge Gallina-Mecca argues that the gag order (which she already vacated) was based on a statute that has been long since repealed. In addition to opposing Judge Gallina-Mecca's motion, Nichols asks this Court to reinstate his claim against Judge Sivilli.

Moreover, Nichols seeks leave to amend his complaint so that he can add a claim against Judge Kessler, who replaced Judge Sivilli in *Myronova v. Malhan* following Judge Sivilli's recusal. *See* Nichols Opp., Ex. B., ECF No. 32-2. According to Nichols, Judge Kessler vacated Judge Sivilli's gag order and entered a new gag order in its place. That order reads in pertinent part:

> All parties are hereby restrained and enjoined from speaking with, appearing for an interview, or otherwise discussing any custody information to any reporters, journalists, newscasters or other news media employees or information not previously posted or disseminated relating to the children or any custody issue in this case pending a further hearing.

Nichols further alleges that Judge Kessler's order prevents him from interviewing Malhan about his child custody proceedings. *See id*. at ¶ 42. Consequently, Nichols wishes to challenge the order on First Amendment grounds.

## II. MOTION TO DISMISS FILED BY JUDGE GALLINA-MECCA

The Court will first decide whether it must dismiss Nichols' complaint against Judge Gallina-Mecca. In its previous decision granting Nichols leave to amend his complaint, the Court rejected the argument that Nichols' claims against Judge Gallina-Mecca became mooted after the Judge vacated the gag order at issue. To the contrary, the Court determined that Nichols' challenge to Judge Gallina-Mecca's order fell within the "capable of repetition yet evading review" exception to the mootness doctrine. Now, Judge Gallina-Mecca offers a new theory for why the mootness doctrine bars Nichols' claims against her. She contends that because the gag order was issued in accordance with a statute that has already been repealed, it cannot be said that Nichols' challenge is capable of repetition. Therefore, she contends, Nichols' complaint does not present a live case or controversy.

This Court's authority is limited to hearing actual cases or controversies. U.S. CONST. art. III, § 2; *Raines v. Byrd*, 521 U.S. 811, 818 (1997). The existence of a case or controversy requires "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution." *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007) (citations and quotations omitted). When a case is moot, a case or controversy ceases to exist. *See Nextel Partners, Inc. v. Kingston Tp.*, 286 F.3d 687, 693 (3d Cir. 2002). A case is moot where "changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Rendell*, 484 F.3d at 240. (quoting *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003)). Moreover, "statutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit

is dismissed." *See id*., 484 F.3d at 242 (quoting *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001)).

Here, Nichols has challenged a number of gag orders issued by state court judges in family court proceedings. He alleges that the issuing judges – including Judge Gallina-Mecca – hastily entered the orders without meaningfully weighing the competing First Amendment considerations. Indeed, Nichols alleges that Judge Gallina-Mecca issued her order without conducting any findings fact and without first ascertaining whether less restrictive alternatives existed. Those allegations form the core of Nichols' challenge regardless of whether N.J.S.A. 9:8-1 has been repealed. In other words, Nichols is not challenging the practice of family court judges issuing gag orders in accordance with N.J.S.A. 9:8-1; he is challenging the practice of family court judges issuing gag orders without due regard for the First Amendment consequences those orders produce. The fact that Judge Gallina-Mecca issued her order in accordance with a statute that was repealed over thirty-five years ago merely serves to support the allegation that the Judge did not adequately consider the competing First Amendment interests at stake. Moreover, the repeal of N.J.S.A. 9:8-1 will not (and, as evinced by the case, has not) deprive other judges of the ability to issue similar gag orders in the future. *See Rendell*, 484 F.3d at 241-42 (challenged action is not capable of repetition where there is no longer a legal mechanism in place that would allow the alleged harm to be repeated). Because the gag order at issue continues to be capable of repetition, Judge Gallina-Mecca's motion to dismiss is **DENIED**.

### III. REQUEST TO REINSTATE CLAIMS AGAINST JUDGE SIVILLI AND ENTER DEFAULT JUDGMENT AGAINST HER

As already mentioned, this Court previously denied Nichols' motion for default judgment against Judge Sivilli on the grounds that Nichols failed to first seek an entry of default pursuant to Federal Rule of Civil Procedure 55(a). Nichols now asks this Court to "reconsider" that decision. In support of his position, Nichols argues that his previous motion sought an entry of default (as opposed to default judgment), which means that it was procedurally proper and should have been granted.

The Court rejects Nichols' position. In addition to being an untimely motion for reconsideration,[2] Nichols' request must be denied. His assertion that his previous motion merely sought an entry of default is belied by the fact that he titled his submission as a "MOTION FOR DEFAULT JUDGMENT." Moreover, in the motion's preliminary statement, Nichols requested that "default judgment be entered…." At the very least,

---

[2] Motions under L. Civ. R. 7.1(i) must be served and filed within 14 days of entry of the order. Here, Nichols waited until almost three months before asking this Court for reconsideration.

4

Nichols' prior submission fell woefully short of adequately describing the type of relief it sought from the Court. Consequently, Nichols' request is **DENIED**.[3]

### IV. MOTIONS TO AMEND

Nichols also seeks leave to amend his complaint so that he can add claims arising out of the gag order Judge Kessler issued in *Myronova v. Malhan*. Judge Gallina-Mecca's counsel opposes the request, arguing that any claims against Judge Kessler would be futile. Specifically, counsel argues that Nichols does not have Article III standing to sue Judge Gallina-Mecca because his potential interview subject, Surender Malhan, has represented in a separate proceeding that he no longer wishes to speak about his child custody issues with the press.

Once a party is no longer permitted to amend its complaint as a matter of course, as is the case here, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "In the absence of substantial or undue prejudice to the nonmoving party…denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993)). Amendment is futile where a party would lack standing to bring the claim that it seeks to assert in the proposed amended complaint. *See, e.g., Penn Business Credit, LLC v. All Staffing, Inc.*, 597 Fed.Appx. 692, 694 (3d Cir. 2015).

Third Circuit precedent provides that in certain cases, members of the press may have third-party standing to challenge gag orders that restrict the speech of trial participants. *See FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 839 (3d Cir. 1996) (citing *In re Dow Jones & Co.*, 842 F.2d 603, 607 (2d Cir. 1988)). *See also United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978). However, Nichols will have standing to challenge Judge Kessler's order only if one or more of the trial participants subject to that order are willing to discuss custody issues with the press. *See id.* at 838-39. This is known as the "willing speaker" rule. *See United States v. Wecht*, 484 F.3d 194, 202 (3d Cir. 2007)

Here, there is seemingly contradictory information relevant to whether Nichols has satisfied the willing speaker rule. On one side, Judge Gallina-Mecca's counsel points out

---

[3] At the very end of his opposition, Nichols devotes a single line to the argument that Judge Kessler should be substituted for Judge Sivilli pursuant to Federal Rule of Civil Procedure 65(d). Nichols' underdeveloped argument ignores the principle that where a party seeks to have a state (as opposed to federal) official replaced as a defendant pursuant to Rule 65(d), he or she must demonstrate that the successor would continue the unconstitutional action that is the subject of the complaint. *See Sarteschi v. Burlein*, 508 F.2d 110, 114 (3d Cir. 1975). *See also American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1345 n. 19 (5th Cir. 1981); Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1960 (2007). Nichols has failed to adequately make such a showing, especially considering that Judge Kessler vacated the gag order that formed the basis of the claims against Judge Sivilli.

that in a separate proceeding, Malhan indicated that he "has never been interested in discussing the minutia of custody issues with the press, and thus far has not desired to further challenge the Gag Order as substantially cut back by Judge Kessler." In contrast, the proposed amended complaint alleges that Malhan has been willing to discuss his child custody proceedings with Nichols, but has been unable to do so because of the gag orders issued in his divorce proceeding.

At this stage in the litigation, and given the facts alleged in the proposed amended complaint, the Court concludes that the prior comments Malhan made in a separate proceeding do not deprive Nichols of standing to sue. *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988) ("[W]hen standing is challenged on the basis of the pleadings, we 'accept as true all material allegations in the complaint, and … construe the complaint in favor of the complaining party.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975))). While Malhan has indicated that he does not intend to discuss the "minutia" of his custody issues with the press, he has never expressed an outright unwillingness to offer public comments on broader custody-related topics, including his distrust of the family court system. To the contrary, the series of gag orders that have been the subject of this litigation were entered in direct response to Malhan discussing those issues with members of the press. This is pertinent because Judge Kessler's gag order does not prohibit discussions that concern "the minutia" of custody issues; instead, it plainly prohibits *any* discussions with the media that concern custody, period. Moreover, while Malhan may not currently plan to mount his own challenge to the new gag order, it does not necessarily follow that he would continue to refrain from speaking with the press if the gag order were vacated. *See Wecht*, 484 F.3d at 203 ("the consent of the parties to an order limiting speech is irrelevant to third-party standing analysis so long as the third party can demonstrate that an individual subject to the order would speak more freely if the order is lifted or modified.").

At the pleading stage, Nichols has met the requirements of Article III standing. Consequently, Nichols' motion to amend will be **GRANTED**. However, if Nichols decides to move forward and serve his amended complaint, Judge Kessler will likely be entitled to take discovery from Malhan regarding his willingness to speak with the press.

## V.   CONCLUSION

For the foregoing reasons, Judge Gallina-Mecca's motion to dismiss is **DENIED**; Nichols' request to reinstate claims against Judge Sivilli is **DENIED**; and Nichols' request for leave to amend his complaint is **GRANTED**. An appropriate order accompanies this decision.

                                        /s/ William J. Martini
                                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 14th, 2016**